UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21556-Civ-Williams/Sanchez

OUSEI INTERNATIONAL CORPORATION,
and OUSEI KANKYOSHOJI CO., LTD.,

    Plaintiffs,

v.

ARANSAS PASS PRECIOUS METAL
RECOVERY LLC, NAR LAKELAND,
LLC, and NAR ELECTRONICS
HOLDING GROUP, INC.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON OUSEI KANKYOSHOJI CO., LTD.'S
VERIFIED MOTION FOR ATTORNEYS' FEES**

    This matter is before the Court on Plaintiff Ousei Kankyoshoji Co., Ltd.'s ("Ousei Kankyoshoji") unopposed Verified Motion for Attorneys' Fees Against Defendant Aransas Pass Precious Metal Recovery LLC ("Aransas"), filed on February 2, 2023. ECF No. 63. After careful consideration of the Motion for Attorneys' Fees, the pertinent portions of the record, the applicable law, and for the reasons discussed below, the undersigned hereby **RECOMMENDS** that the Motion for Attorneys' Fees be **GRANTED**, and that Ousei Kankyoshoji be awarded attorneys' fees in the amount of $5,972.00 and costs in the amount of $84.38.

**I. BACKGROUND**

    On May 4, 2022, Ousei Kankyoshoji and Aransas entered into a settlement agreement. ECF No. 54-1. Aransas thereafter defaulted on its obligations under that settlement agreement, and, as a result, Ousei Kankyoshoji filed a motion to enforce the settlement agreement. ECF

No. 58.  On January 10, 2023, Judge Williams entered an Order granting Ousei Kankyoshoji's motion to enforce the settlement agreement and ruling that Ousei Kankyoshoji "is entitled to recover reasonable attorneys' fees and costs associated with the Motion to Enforce."  ECF No. 59 at 2 ¶ 3.  Subsequently, on February 2, 2023, Ousei Kankyoshoji filed the instant motion, requesting $5,972.00 in attorneys' fees and $84.38 in costs.  ECF No. 63.  Specifically, Ousei Kankyoshoji requested compensation for 8.6 hours of work by attorney William A. McBride at an effective rate of $415.35 per hour and 4 hours of work by attorney Fredrick H.L. McClure at a rate of $600.00 per hour.  ECF No. 63-2.  Additionally, Ousei Kankyoshoji requested costs in the amount of $84.38 for the fees paid to serve Aransas with the notices of default required by the settlement agreement.  ECF No. 63-3.

## II. DISCUSSION

In their settlement agreement, Ousei Kankyoshoji and Aransas agreed that a party prevailing on a motion to enforce their settlement agreement would be entitled to recover the reasonable attorneys' fees and costs incurred in connection with the enforcement of the settlement, and they further agreed that the settlement agreement would be "governed by, and construed in accordance with, the laws of the State of Florida."  ECF No. 54-1 at ¶¶ 12-13.  As a result, the "lodestar" method will be used to calculate the reasonable attorney's fees that Aranasas owes Ousei Kankyoshoji.  *See, e.g.*, *Griffith v. McDonough*, No. 20-14464, 2021 WL 4461605, at *1 (11th Cir. Sept. 29, 2021) ("Where the parties agree that one party will pay the other party's legal fees, they agree to fee shifting, and the 'lodestar' method is used to calculate reasonable attorneys' fees."), *cert. denied*, 142 S. Ct. 2840 (2022); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148-50 (11th Cir. 1993) (holding that "Florida follows the lodestar approach as developed by federal case law" and applying the lodestar methodology to a contractual fee-shifting provision

governed by Florida law); *see also In re Home Depot Inc.*, 931 F.3d 1065, 1081-82, 1085 (11th Cir. 2019).

Under the "lodestar" method, reasonable attorneys' fees are determined by multiplying the "hours reasonably expended by a reasonable hourly rate" to calculate a lodestar amount. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Reasonably expended hours do not include hours that are "excessive, redundant or otherwise unnecessary." *Id.* at 1301. Rather, courts "understand 'hours reasonably expended' to be billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988); *see also In re Home Depot*, 931 F.3d at 1087 ("Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client."). A reasonable hourly rate is determined by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. After calculating the lodestar amount, the court then determines whether there are circumstances that warrant an adjustment to the lodestar. *See, e.g., id.* at 1302. Finally, in assessing a fee application, the court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

Here, Ousei Kankyoshoji is represented by attorneys William A. McBride and Frederick H.L. McClure.[1] ECF No. 63 at 3 ¶ 7. Ousei Kankyoshoji requests attorneys' fees for 8.6 hours of

---

[1] Mr. McBride was admitted to the Florida Bar in 2014. ECF No. 63 at 3 ¶ 7. Mr. McClure has been practicing law since 1987 and was admitted to the Florida Bar in 1998. *Id.* Both Mr. McBride and Mr. McClure are experienced lawyers who specialize in commercial litigation and are shareholders at Trenam Law. ECF No. 63 at 3 ¶ 7; ECF No. 63-4; ECF No. 63-5.

work by Mr. McBride at an effective rate of $415.35 per hour[2] and for 4 hours of work by Mr. McClure at a rate of $600.00 per hour.  ECF No. 63-2.  Those rates correspond to the standard billing rates of Mr. McBride and Mr. McClure.  ECF No. 63 at 3 ¶ 7.  Aransas does not dispute that the requested hourly rates and the number of hours that Mr. McBride and Mr. McClure expended litigating this settlement-enforcement matter are reasonable.  In fact, Ousei Kankyoshoji reported in its Amended Status Report that "the parties reached agreement with respect to the Motion for Fees, and Aransas has no objection to the Motion for Fees."  ECF No. 70 at 2 ¶ 2.

After considering the work performed and billed by Mr. McBride and Mr. McClure and the prevailing market rate for the kind and quality of services that they furnished, the undersigned finds that the attorney hours expended on Ousei Kankyoshoji's efforts to enforce the settlement agreement were reasonable and that the hourly rates billed by Mr. McBride and Mr. McClure were similarly reasonable.  *See Norman*, 836 F.2d at 1303 (concluding that a court "may consider its own knowledge and experience concerning reasonable and proper fees").  In sum, the undersigned finds that Ousei Kankyoshoji's request for attorneys' fees in the amount of $5,972.00 is reasonable.

In addition, the undersigned finds that the costs ($84.38) requested by Ousei Kankyoshoji, which consist of the sums expended to provide notices of default to Aransas in accordance with the requirements of their settlement agreement, *see* ECF No. 63 at 3 (explaining that the spreadsheet accompanying the Motion for Attorneys' Fees "detail[ed] the costs incurred by Ousei Kankyoshoji in serving the Notices of Default required by the Settlement Agreement"); ECF No. 63-3 (spreadsheet of FedEx expenses); ECF No. 54-2 at ¶¶ 5(c), 8 (requiring Ousei Kankyoshoji to provide notices of default and requiring that all notices required by the settlement agreement be "delivered by . . . certified U.S. mail, return receipt requested, or by a nationally recognized

---

[2] Between June and August of 2022, Mr. McBride's hourly rate increased from $380 to $420, yielding an effective rate of $415.35 per hour for the work that he performed.  *See* ECF No. 63-2.

overnight courier such as FedEx or UPS"), were reasonably and necessarily incurred in connection with Ousei Kankyoshoji's efforts to enforce the settlement agreement.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Ousei Kankyoshoji's Verified Motion for Attorneys' Fees and award Plaintiff Ousei Kankyoshoji Co., Ltd. $5,972.00 in attorneys' fees and $84.38 in costs.

Within seven (7) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge. The undersigned has shortened the objection period because the instant Motion is unopposed, and the undersigned has recommended that the full amount of requested fees be awarded. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida, this 23rd day of June 2023.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Kathleen M. Williams
      Counsel of Record